CHEHARDY, Judge.
The Department of Property Management, Municipal Yacht Harbor, appeals from a July 5, 1979 decision of the New Orleans Civil Service Commission reinstating Thomas A. Davidson to his position of assistant manager of the Municipal Yacht Harbor, effective November 8, 1978, and restoring all back pay and other emoluments of his office.
On October 23, 1978, Davidson received a letter from Sidney Perez, administrative analyst for the City of New Orleans, officially notifying him that “the Department of Property Management is eliminating the positions of Yacht Harbor Manager, Assistant from its payroll, effective Wednesday, November 8, 1978.”
The letter further stated: “In effect, this means you will be laid off as of that date. The layoff is in keeping with Rule XII of the Civil Service Rules.” Davidson was also requested to contact a representative of the Civil Service Department for an exit interview.
Under Rule II, Section 4.1(a) of the City Civil Service Rules all regular employees in the classified service can appeal a dismissal to the Civil Service Commission in order to test the reasonableness of such action. Davidson appealed timely, alleging his termination was based on personal animus toward him on the part of his superior Herman J. Estrade, and on the parts of James Prigmore and Jesse Dupart, officials in the Property Management Department.
In the written reasons for its decision, the Civil Service Commission concluded that “the abolition of the appellant’s position was an action taken for the sole purpose of terminating the appellant from his employment with the City and for no other purpose.” The Commission further found that economy was not served by the abolition of this position, nor was it necessary from an economic point to do so, and the efficiency of the facility was not increased by the discharge.
Under Article 10, Section 12 of the Constitution of the State of Louisiana of 1974, the decision of the Civil Service Commission is subject to review on any question of law or fact upon appeal to an appellate court.
In the present case the record reveals that Davidson did not have a good relationship with his supervisor Estrade and had been disciplined previously by the Civil Service Commission for insubordination to Es-trade with a suspension resulting. Davidson also testified he had several rather heated discussions with both Prigmore and Dupart questioning the wisdom of the new policies of his superiors regarding rate increases for “live aboards” at the Yacht Harbor and “slip transfers.”
In defense of the abolishment of the two positions of assistant harbor manager, the City indicated that this was an efficiency move; however, the necessity for a cutback was not demonstrated due to the fact the projected net income of the Municipal Yacht Harbor for 1979 was $607,800, and no studies were produced at the hearing showing the abolition of these salary expenditures was mandated. Prigmore further admitted at the time of the hearing that they did not have enough personnel to run a big 60-acre harbor. Moreover, there was testimony that since Davidson’s layoff, his duties were being performed by others employed at the Yacht Harbor, such as security guards.
*581 In view of the above, the Civil Service Commission concluded the Department of Property Management did not act in good faith in abolishing Davidson’s position but did it simply as a means of getting rid of him. Since the evidence supports this finding of fact by the Commission, this court will not disturb that finding on review.
Rule III, Section 1.1 of the Civil Service Rules states:
“Whenever, in the opinion of the Director, there is necessity for establishing a new class, or revising or abolishing an existing class, in the classification plan, he may anticipate formal action of the Commission by adding the new class or revising or abolishing an existing class. Such action shall be subject to ratification by the Commission at its next regular meeting.” (Emphasis ours.)
To permit the abolition of a position for the sole purpose of terminating the employment of an employee within the system would do violence to the whole concept of Civil Service.
Older cases, such as State v. Board of Com’rs, 149 La. 1095, 90 So. 417 (1922), do indicate that a position cannot be abolished simply for the purpose of terminating an employee in the classified service, and the Civil Service Commission has properly observed that: “To hold otherwise would defeat the entire system.”
We conclude, therefore, that, under the facts presented, it was within the authority of the Civil Service Commission to overrule the action of the Department of Property Management in abolishing the position of assistant harbor manager, and it was equally within its authority to reinstate the plaintiff to this position with all back pay and other emoluments.
Accordingly, the decision of the Civil Service Commission is affirmed in all respects.

AFFIRMED.